ENOCH F. PENNELL *vs.* ALFRED M. CARD, and others.

Somerset.  Opinion April 22, 1902.

*Railroads. Land Damages. Bond. Evidence. R. S., c. 51, § 19.*

</div>

Whether or not the petitioner is the owner of the land described, and the extent of his ownership, are questions of fact to be determined by the commissioners, upon a petition for damages to land taken for railroads. Title to the land constitutes the foundation of the claim for damages.

The personal statement of one of the county commissioners that the "board supposed they were assessing full damages for crossing the land described in the petition," is inadmissible in form and incompetent in substance, and cannot be received as evidence to control or modify the record of their judgment. Nor does the representation contained in the plaintiff's petition, that he was the owner of the land therein described, have any necessary tendency to show that the commissioners awarded full damages to him as sole owner of the lot.

The obligor in a bond given to secure the payment of damages caused by taking land for a railroad cannot defeat an action thereon, after due proceedings and record of the county commissioners, by the introduction of parol evidence tending to show that the obligee was only a part owner of the land so taken.

In the absence of any evidence to the contrary, the commissioners will be presumed, in any collateral inquiry, to have discharged their legal duty of determining the fundamental question of ownership.

Where the damages awarded in such case exceed the penalty of the bond, the plaintiff is entitled to recover the amount of the penalty with interest thereon, as damages for the detention from the date of the breach of the bond.

See *Hunt* v. *Card*, 94 Maine, 386.

Agreed statement. Judgment for plaintiff.

The case appears in the opinion.

*J. W. Manson,* for plaintiff.

*C. E. and A. S. Littlefield,* for defendants.

The case at bar differs from *Hunt* v. *Card,* 94 Maine, 386, since here there is one provision in the condition of the bond which was not called in question in the Hunt case. The undertaking here is to pay such judgment as should be awarded on account of land owned by Enoch F. Pennell.

The question here involved is, whether this plaintiff, under a bond which provides that the defendants are to pay the damages assessed upon land owned by Enoch F. Pennell, can recover for damages assessed in his favor, but in fact upon land owned partly by Abbie F. Pennell, who is nowhere mentioned in the defendant's undertaking.

The judgment presented is not conclusive on this defendant. Am. & Eng. Encl. of Law, Vol. 21, p. 164, where it is stated that, —"It may be said generally that a judgment against the principal is not conclusive evidence against the sureties, but merely prima facie."

Counsel cited : *Douglass* v. *Howland,* 24 Wend. 35 ; *Giltinan* v. *Strong,* 64 Pa. St. 242 ; *Dawes* v. *Shed,* 15 Mass. 6 ; *Robinson* v. *Hodge,* 117 Mass. 222 ; *Hayes* v. *Seaver,* 7 Maine, 237, 240 ; *Sargent* v. *Salmond,* 27 Maine, 539 ; *Dane* v. *Gilmore,* 51 Maine, 544, 551 ; *Judge of Probate* v. *Quimby,* 89 Maine, 574 ; *Judge of Probate* v. *Toothaker,* 83 Maine, 195; *Buffum* v. *Ramsdell,* 55 Maine, 252, 254 ; *Sweet* v. *Brackley,* 53 Maine, 346 ; *Bicknell* v.

*Trickey,* 34 Maine, 273, 281 ; *Robinson* v. *Bunker,* 38 Maine, 130 ; *Taggard* v. *Buckmore,* 42 Maine, 77 ; *Perkins* v. *Pike,* 42 Maine, 141, 149 ; *Deering* v. *Lord,* 45 Maine, 293 ; *McCrillis* v. *Wilson,* 34 Maine, 286 ; *State* v. *Maine Central R. R. Co.,* 66 Maine, 488 ; *Holmes* v. *Farris,* 63 Maine, 318 ; *Chapman* v. *Andro. R. R. Co.,* 54 Maine, 160 ; *Hayford* v. *Co. Com.,* 78 Maine, 153 ; *Small* v. *Pennell,* 31 Maine, 267, 270 ; *Starbird* v. *Brown,* 84 Maine, 238.

SITTING : WISWELL, C. J., EMERY, WHITEHOUSE, STROUT, SAV-
AGE, POWERS, JJ.

WHITEHOUSE, J.    This case is presented to the law court on report.    It is an action on a bond dated November 16, 1897, given by the defendants for the purpose of obtaining the plaintiff's consent that the narrow gauge railroad, located by the Wiscasset and Quebec Railroad Company, might be constructed across his land before the damages had been paid or legally estimated.    The condition of the bond is as follows:

"Whereas the United States Construction Company is about to construct a narrow gauge railroad leading from Burnham to Pittsfield and crossing the land of said Enoch F. Pennell as indicated by the location of said railroad filed with the register of deeds in the counties of Waldo and Somerset.    Now if the said United States Construction Company shall well and truly pay to the said Enoch F. Pennell any and all land damages and costs of court adjudged by the county commissioners of Somerset county to be due said Enoch F. Pennell by reason of the construction of said railroad across the land of said Pennell as aforesaid within ninety days of said adjudication of said county commissioners then this bond shall be void, otherwise to be in full force."

Immediately after the execution and delivery of the bond the Construction Company entered upon the plaintiff's land situated in Pittsfield in the county of Somerset, and partially constructed a narrow gauge railroad within the limits of the location filed by the Wiscasset and Quebec Railroad Company.

At a session of the county commissioners' court for the county of

Somerset held on the first Tuesday of August, 1898, the plaintiff presented a written application for the assessment of the damages sustained by him on account of this taking of his land for railroad purposes, representing in the petition that he was the owner of the land described therein. After due notice and hearing the county commissioners reported that they had "viewed the land taken from the foregoing petitioner" and determined that he was entitled to damages in the sum of $392 and costs taxed at $42.24, and ordered the railroad company to give security for the payment of the same in accordance with the provisions of R. S., c. 51, § 19. The damages thus estimated by the county commissioners have never been paid, nor has any security been furnished as required by their order.

It appears from the statement of facts in the report that since March, 1894, the land described in the plaintiff's petition "always has been and now is owned one undivided half by the plaintiff and one undivided half by Abbie F. Pennell, his wife." It is also admitted that "one of the county commissioners who assessed the damages, the only one living who acted, would testify that the board of county commissioners supposed that they were assessing the full damages for crossing the land described in the petition, and not damages for any undivided part thereof."

Thereupon it is contended in an elaborate argument, in behalf of the defendants, that, inasmuch as their bond stipulates for the payment of a judgment awarded by the county commissioners for damages caused by the construction of a railroad across the land of Enoch F. Pennell alone, the judgment on account of which recovery is here sought, being for all the damages to land owned by Enoch F. and Abbie F. Pennell, in common, is not one which comes within the terms of the bond, and being indivisible that this action is not maintainable for the penalty of the bond or any part of it.

But the report fails to disclose competent and sufficient evidence to establish the defendants' proposition of fact that the judgment of the commissioners included damages for land not owned by the petitioner. The personal statement of one of the county commissioners that the "board supposed they were assessing full damages for crossing the land described in the petition," is manifestly inadmissible in

form and incompetent in substance, and cannot be received as evidence to control or modify the record of their judgment. Nor does the representation contained in the plaintiff's petition, that he was the owner of the land therein described, have any necessary tendency to show that the commissioners awarded full damages to him as sole owner of the lot. It is a matter of common knowledge that such petitions frequently contain erroneous statements respecting the title to the land alleged to have been taken for purposes of a railroad. Whether or not the petitioner is the owner of the land described, and the extent of his ownership, are questions of fact to be determined by the commissioners. Title to the land constitutes the foundation of the claim for damages. *Minot* v. *Cumberland Co. Com.*, 28 Maine, 121.

Section 19 of chapter 51, R. S., provides that "for real estate so taken the owners are entitled to damages to be paid by the corporation and estimated by the county commissioners on written application of either party," etc. In the case at bar the written application was signed by the plaintiff, Enoch F. Pennell. It was not signed by Abbie F. Pennell. The case fails to show that she ever made any written application to have her damages assessed, and therefore fails to show that the county commissioners had any jurisdiction or authority to estimate any damages she may have sustained. *Littlefield* v. *Boston & Maine Railroad*, 65 Maine, 248. In the record of their judgment upon the petition of Enoch F. Pennell, the commissioners "adjudge and determine that the aforesaid petitioner is entitled to damages in the sum of $392." There is no legal evidence in the case that they awarded damages on account of any interest in the land owned by Abbie F. Pennell. In the absence of any evidence to the contrary, they will be presumed, in any collateral inquiry, to have discharged the duty imposed upon them by law to determine the fundamental question of ownership.

The other obstacles interposed by the defendants to the maintenance of this action are effectually removed by the opinion of the court in *Hunt* v. *Card*, 94 Maine, 386.

As the damages awarded exceed the penalty of the bond, the plaintiff is entitled to recover the amount of the penalty with interest

thereon as damages for the detention from the date of the breach of the bond. *Wyman* v. *Robinson*, 73 Maine, 384. The bond in suit was forfeited upon the failure of the obligors to pay the damages awarded by the county commissioners, viz., May 27, 1898.

>*Judgment for the plaintiff for the amount of the pen-*
>*alty, as debt, with interest thereon, as damages,*
>*from May 27, 1898.*
>*Execution to issue for the entire sum.*